■ CARL E. ANGUS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 47815.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims which awarded damages for the appropriation of farm property. Some 98.55 acres of claimants' 362 acres were taken. The State does not question the award insofar as it was predicated on the trial court's evaluations of, and findings of damages with respect to building sites, pasturage, woodlands and a dwelling house taken and of farm buildings depreciated; but does contest those portions of the award representing direct damages for tillable land actually taken and consequential damage to the tillable land remaining, asserting correctly that the before values found by the court for the tillage were without the range of the testimony and unsupported by evidence. Claimants' expert found the highest and best use was for that of a dairy farm "with current and future residential development areas"; and he valued portions of the property as high as $400-$1,100 per acre for sale as building lots. The record sustains the court's rejection of the "current and future" residential valuations claimed. Claimants' expert and that of the State each testified to a value of $100 per acre for tillable farm land; and although the decision, after rejecting claimants' theory of a high potential value for residential use, states that "the Court is compelled to rely mainly upon the State's appraisal for guidance in reaching what it considers just compensation", the court instead discarded the $100 per acre appraisal of the cropland, upon which the two experts agreed, and adopted an evaluation of $175 for a part of it and of $145 for the remainder. Inasmuch as the opposing experts did not agree as to the highest and best use, there was no "range of testimony" within which the $175 and $145 evaluations would fall. In this, the case is similar to *Stiriz* v. *State of New York* (26 A D 2d 964, 965) in which we said, "Thus since the court advanced no explanation for its reaching a valuation in excess of the expert testimony, the award cannot stand (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428)." The "explanation" contemplated by *Stiriz* and, more importantly, by the cited *A. & W. Realty* case, upon which our holding in *Stiriz* in part depended, is not to be a matter of "the subjective judgment of judge or court", but must be supported by "evidence at hand". (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 432, 433, *supra.*) In the case before us, the trial court's action to increase the before-values proven was said to be "Based upon the testimony and the Court's view-

ing of the property"; but the testimony relied upon apparently was merely that "the tillable land appropriated * * * was the most valuable on the entire farm", as quoted in the trial court's decision, and this, of course, furnished no objective basis for an appraisal; and the court's "viewing of the property" does not support the award at all, as, "where the proceeding is brought under a statute which limits the trier of fact to a *judicial* consideration of the evidence, the function of the view is merely to enable him to understand and apply the testimony and not to act on his individual opinion in disregard of the evidence presented." (*Matter of City of New York* [*A. & W. Realty Corp.*], *supra*, p. 432.) In this case the only evidence upon this issue was that the tillable land was worth $100 per acre before the taking and that the remainder was worth $95 per acre thereafter, and the award must be modified accordingly. We find that the before value was $66,900 (land $34,100, improvements $32,800), the after value $41,800 (land $23,900, improvements $17,900) and the damage $25,100 (land $10,200, improvements $14,900), of which $19,200 was direct damage (land $9,200, improvements $10,000) and $5,900 was consequential damage (land $1,000, improvements $4,900). Judgment modified, on the law and the facts, so as to reduce the award to $25,100 and appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam*; Aulisi, J., not voting.